IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

GINA SANDERS,

    Plaintiff,

v.                                       C.A. No.:   4:16-cv-766

KAREN L. BENZ, D.O.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GINA SANDERS, (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, hereby sues Defendant, KAREN L. BENZ, D.O. (hereinafter sometimes referred to as "Defendant"), and in support thereof states as follows:

## INTRODUCTION

1.     This is an action by Plaintiff against her employer for unpaid overtime wages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime wages, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2.     This claim is properly before this Court pursuant to 28 U.S.C. § 1331 since this claim arises under federal law, and by the private right of action conferred

in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Plaintiff performed work for Defendant and incurred unpaid overtime wages while working Ft. Worth, Texas.

## THE PARTIES

4. Plaintiff is an individual residing in Ft. Worth, Texas.

5. Plaintiff was been employed by Defendant from approximately May 5, 2015, to June 28, 2016, as an office assistant. Some of Plaintiff's principle duties were to assist the Defendant with patients, verify insurance and other clinical duties.

6. Defendant, KAREN L. BENZ, D.O., is a physician licensed under the laws of the State of Texas and operates an office in Ft. Worth, Texas.

7. Defendant, KAREN L. BENZ, D.O., is an individual residing in Ft. Worth, Texas, and at all times material to this claim was substantially in control of the terms and conditions of the Plaintiff's work.

8. Defendant, KAREN L. BENZ, D.O., was an employer of the Plaintiff as defined by 29 U.S.C. §203(d).

7. At all times material to this complaint, Defendant had employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

8. At all times material to this complaint, Defendant employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

9. At all times material to this complaint, Defendant was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

10. At all times material hereto Plaintiff and Defendant collectively engaged in interstate commerce through the support functions they provided to members of the health care industry.

11. Additionally, Plaintiff performed work utilizing the channels of interstate commerce such as interstate telephone calls, facsimiles and the use of the internet to contact persons or entities outside of the state of Texas, e.g., verification of insurance coverage.

12. At all times material to this Complaint, Defendant was the employer of the Plaintiff and, as a matter of economic reality, Plaintiff was dependent upon Defendant for her employment.

13. Throughout the employment of Plaintiff, Defendant repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate for each hour in excess of 40 the Plaintiff worked in a workweek.

14. Plaintiff worked an average of approximately five (5) overtime hours per week during each week of her employment with Defendants.

15. Defendant paid Plaintiff an hourly rate of $14.50, but did not include any pay for work in excess of 40 hour per workweek as required by the FLSA.

16. Defendant used the pay scheme alleged herein to intentionally and willfully avoid paying Plaintiff the correct amount overtime wages due to her as required by the Fair Labor Standards Act.

17. Defendant either knew about or showed reckless disregard for the matter of whether her conduct was prohibited by the FLSA and failed to act diligently with regard to her obligations as an employer under the FLSA.

18. Defendant acted willfully and failed to act reasonably to comply with the FLSA; therefore, Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime wages pursuant to 29 U.S.C. § 216(b).

19. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not

paid that should have been paid.

21.   Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, GINA SANDERS demands Judgment against Defendant, KAREN L. BENZ, D.O., for the following:

a.   Unpaid overtime wages found to be due and owing;

b.   An additional amount equal to the amount of overtime wages found to be due and owing as liquidated damages;

c.   Prejudgment interest in the event liquidated damages are not awarded;

d.   Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e.   For any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff, GINA SANDERS, demands a jury trial on all issues so triable.

Respectfully submitted, August 17, 2016.

**ROSS LAW GROUP**

Page 6 of  6

*[signature]*

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
Attorney-in-Charge
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawgroup.com

Steven R. Samples
Texas Bar No. 24086348
Samples Ames PLLC
1512 Crescent Drive, Suite 119
Carrollton, Texas 75006
(214) 308-6505 Telephone
(855) 605-1505 Facsimile